IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BUDDY MCBRIDE on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 4:17-cv-00222 |
| *Plaintiffs*, | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| HCA HOLDINGS, INC. d/b/a MEDICAL CITY NORTH HILLS f/k/a NORTH HILLS HOSPITAL, | § § § § § | COLLECTIVE ACTION |
| *Defendant*. | § | |

**COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

1.    HCA HOLDINGS, INC. doing business as MEDICAL CITY NORTH HILLS formerly known as NORTH HILLS HOSPITAL (hereinafter, collectively, "North Hills"), a hospital located in North Richland Hills, Texas, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that North Hills is legally obligated to pay.

2.    Plaintiff Buddy McBride worked for North Hills as a Nurse in its Progressive Care Unit ("PCU"), and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he is due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former, hourly-paid Nurses to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

1

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of Texas. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff McBride worked as a Nurse for North Hills at its North Richland Hills, Texas hospital, where directly cared for the patients in the PCU. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff McBride's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid Nurses, who were employed by North Hills during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant HCA Holdings, Inc. d/b/a Medical City North Hills is a Domestic For-Profit Corporation with a principal place of business at One Park Plaza, Nashville, Tennessee 37203 that is engaged in commerce in the United States and is otherwise subject to the FLSA. North Hills employs Plaintiff within the meaning of the FLSA. North Hills may be served with process by serving its Registered Agent, C T Corporation System at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## IV. BACKGROUND

8. North Hills is a hospital that provides various medical services to its patients in and around Northeast Tarrant County, Texas. Upon information and belief, North Hills employs other Nurses similarly situated to Plaintiff to care for its patients, including patients in the PCU.

9. North Hill's Nurses directly care for the patients in their respective units, which involves the Nurses reviewing patients' lab work and tests, and checking patients' medications throughout the duration of their shifts. Due to the heavy patient load per Nurse, often the Nurses began working 1-2 hours prior to each scheduled 12-hour shift. However, North Hills does not permit them to clock in for the additional 1-2 hours worked prior to their scheduled shift. Instead, it was North Hills's policy or practice that Nurses were only allowed to clock in (at earliest) 22 minutes before their scheduled shift, regardless of when they actually begin working. As a result, North Hills does not properly pay its Nurses for all hours suffered or permitted to work each week. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. Thus, North Hills fails to properly compensate its employees under the FLSA.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

***A. North Hills Failed to Properly Pay Regular and Overtime Compensation.***

10. Plaintiff worked for North Hills as a Nurse in the PCU, where he was responsible for the direct care of patients. During his employment, Plaintiff worked 12-hour shifts, usually three days per week. Plaintiff's shifts were commonly scheduled from 7:00 a.m. to 7:00 p.m. North Hills paid Plaintiff a set hourly rate for each hour he was clocked in, and Plaintiff was paid on a biweekly basis.

11. Due to the large amount of patients in his unit, Plaintiff began working at approximately 5:00 a.m. to 5:15 a.m. each day that he was scheduled for a shift. However, North Hills refused to permit Plaintiff to clock in until 6:38 a.m. for a scheduled 7:00 a.m. shift. Plaintiff's supervisors knew he began working hours prior to his shift each day. Furthermore, all his supervisors permitted him to work approximately an hour and a half early even though he was not allowed to clock in until his scheduled shift time (or 22 minutes before that time). Therefore, Plaintiff was not properly compensated for all the hours he worked.

12. The FLSA requires North Hills to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week. North Hills should have paid Plaintiff for 40 hours of regular pay and at least 4.5 hours or more of overtime in a typical workweek, but North Hills failed to pay the Plaintiff that amount.

13. By failing to pay Plaintiff as described above, North Hills has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

### B. *North Hills Willfully Violated the FLSA.*

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. North Hills failed to follow these rules when paying Plaintiff.

15. North Hills had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. North Hills should have paid its employees their regular rate for all hours actually worked, and it should have paid its

employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

16. North Hills knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff is aware that North Hills's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by North Hills as Nurses, directly caring for patients in their respective units. The Members of the Class perform job duties similar to Plaintiff, as described above.

18. As with Plaintiff, Members of the Class frequently were scheduled for 12-hour or longer shifts for approximately 3 days per workweek. Like Plaintiff, Members of the Class often began working 1-2 hours before their shift, but they were not allowed to clock in prior to their scheduled shift, regardless of when they actually began performing work. Thus, the Members of the Class often worked approximately 44 hours per week or more.

19. As with Plaintiff, Members of the Class are paid biweekly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

20. North Hills's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at North Hills to pay its employees for less than all of the regular and overtime hours a Nurse is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

21. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly paid Nurses, who were employed by North Hills during the three-year period preceding the filing of this complaint.**

22. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

23. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

24. The preceding paragraphs are incorporated by reference.

25. As set forth above, North Hills violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

26. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

27. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

28. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII. JURY DEMAND

29. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

**PRAYER**

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against HCA Holdings, Inc. d/b/a Medical City North Hills f/k/a North Hills Hospital for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 13th day of March, 2017.

Respectfully submitted,

BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC

By: /s/ Robert W. Cowan
   Robert W. Cowan
   Attorney-in-Charge
   Federal Bar No. 33509
   Texas Bar No. 24031976
   Justin Jenson
   Texas Bar No. 24071095
   Katie McGregor
   Texas Bar No. 24098079
   440 Louisiana Street, Suite 2100
   Houston, Texas 77002
   Telephone: (713) 425-7100
   Facsimile: (713) 425-7101
   rcowan@bpblaw.com
   jjenson@bpblaw.com
   kmcgregor@bpblaw.com

*Attorneys for Plaintiff*